SUMMARY ORDER

Petitioners, natives and citizens of Indonesia, seek review of a June 10, 2008 order of the BIA affirming the September 8, 2006 decision of Immigration Judge (“IJ”) Steven R. Abrams, which denied Petitioners’ application for asylum, and lead applicant Yuliana Jo’s application for withholding of removal and relief under the Convention Against Torture (“CAT”). In re Yuliana Jo, Hamzah Tjondro Tuny, Daniel Robin Tjondro, and Dominique *289 Radinka Tjondro, Nos. A97 480 273/274/275/276 (B.I.A. June 10, 2008), aff'g Nos. A97 480 273/274/275/276 (Immig. Ct. N.Y. City Sept. 8, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, the Court may consider both the IJ’s and the BIA’s opinions for the sake of completeness if doing so does not affect the Court’s ultimate conclusion. Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As an initial matter, because Petitioner does not challenge the agency’s denial of her CAT claim or its conclusion that she did not suffer past persecution, we deem all such arguments waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, n. 7 (2d Cir.2005). Accordingly, the only question before us is whether the agency failed to adequately address Petitioner’s claim that there exists a pattern or practice of persecution against ethnic Chinese Christians in Indonesia.
Petitioner argues that, pursuant to our decision in Mufied v. Mukasey, 508 F.3d 88 (2d Cir.2007), remand is required where the agency has yet to clarify the “systemic, pervasive, or organized” standard which it applies to pattern or practice claims. That argument is unavailing. In Mufied, we remanded a case to the agency, in accordance with the “ordinary remand rule,” after finding that it had ignored petitioner’s pattern or practice claim. Id. at 92-93. Here, unlike in Mufied, the BIA did address Petitioner’s pattern or practice claim, finding that Petitioner failed to establish a pattern or practice of persecution against ethnic Chinese Christians in Indonesia. Thus, the error requiring remand in Mufied is not present in this case. See id. at 91 (remanding because neither the IJ nor the BIA considered Mufied’s pattern or practice claim).
As to the agency’s finding that Petitioner did not establish a pattern or practice, we find no error in its decision. The BIA considered the 2006 U.S. Department of State International Religious Freedom Report for Indonesia (“the Report”) and found that Petitioner failed to acknowledge that the Report indicated, “the significant decline in religiously-motivated violence, the official position of the Indonesian government with respect to religious freedom, or the positive steps it has taken to alleviate problems with religious and ethnic intolerance and to prosecute terrorists and extremists.... ” Petitioner argues that the BIA should not rely on Matter of A-M-because the record in that case is stale; however, Petitioner fails to explain how the information in the Report differs from the evidence considered by the agency in Matter of A-M-, and otherwise fails to point to anything in the record that would compel the conclusion that there is currently a pattern or practice of persecution against ethnic Chinese Christians in Indonesia. See 8 U.S.C. § 1252(b)(4)(B); see also Manzur, 494 F.3d at 289.
We note that in its decision, the BIA characterized our decision in Mufied as “generally approving the pattern-and-practice standard set forth in Matter of AM~.” We disagree with that characterization. To the contrary, in Mufied, we noted that the BIA’s “bare articulation of the standard” in Matter of A-M- did not provide any guidance as to how “systemic, pervasive, or organized persecution must *290 be” to be recognized as a pattern or practice and we requested guidance on applying that standard. Mufied, 508 F.3d at 93. Nonetheless, while we continue to await such further guidance, remand on that basis is not required.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).